Richards, J.
The action is one in partition and involves the determination of but one legal question. This question of law was raised by a demurrer to the petition, which was sustained by the court of common pleas, and a final judgment rendered against the plaintiff. The facts, so far as necessary to a determination of the question, may be briefly stated.
On November 4, 1876, Simon Fearsettle and Otilley Fearsettle duly adopted a female child named Mattie Stein. In the course of time Mattie married one Fred Hamley, and to them a child, named Hester Hamley, was born as the issue of such marriage. On February 22,1912, Mattie died intestate, leaving, surviving her, a husband and said child and her foster parents, Simon and Otilley Fearsettle. The foster parents died intestate in 1914, leaving certain real estate to which the plain *38 tiff, Frederick C. Kroff, a half-brother of Simon Fearsettle, claims title by descent.
The sole question in this case is whether this real estate would descend to the child of the adopted daughter, Mattie, or pass to the brothers and sisters of the adopting parents.
If Mattie had survived her adopting parents, doubtless no question would have existed but that she was the heir under and by virtue of the provisions of Section 8030, General Code. That section, referring to an adopted child, contains the following provision:
“Such child shall be the child and legal heir of the person so adopting him or her, entitled to all the rights and privileges and subject to all the obligations of a child of such person begotten in lawful wedlock.”
It is said, however, that by reason of the fact that the adopted daughter Mattie died before the 'adopting parents, her child can. not inherit from the adopting parents. This precise question has not been determined by any reported decision in Ohio .and we find but five decisions in other states.
The earliest of these is by the supreme court of Georgia in 1874, in Pace, Admr., et al. v. Klink, Admr., et al., 51 Ga., 220, where it was held that in a case where the adopted son died before the adopting parents, leaving children, his children stood in the place of and represented the father and took the estate which he would have taken if living.
The question next arose in Kentucky in 1887, and the decision may be found in Power, etc., v. Hafley, *39 85 Ky., 671, where it is held that if an adopted child dies, leaving children, before the adopting parent, these children inherit as if they were grandchildren of the adopting parent.
In 1895 the question was determined in Kansas in the case of Gray v. Holmes, 57 Kans., 217, 33 L. R. A., 207. In that case, where the adopted daughter died before the adopting parent, it was held that the heirs of the adopted daughter would inherit through her a share of the estate of the deceased adopting parent, just as if she were a daughter of such parent by blood.
The question arose in the supreme court of Vermont in 1911, and was similarly decided, in the case of In re Walworth’s Estate, 85 Vt., 322, 37 L. R. A. (N. S.), 849. The court reviews all the earlier decisions, finding there were but the three already cited, and reaches a conclusion that in no other reported case has a like question been determined, and that there is no diversity of decision. The statutes of the various states where the above decisions were rendered, relating to the descent and distribution of property to adopted children, are quite similar in all material respects to the statutes on that subject in Ohio.
Since the decisions just cited, the question has come before the court of civil appeals of Texas, and was there determined in 1914, a conclusion being reached which is entirely in accord with the ones above cited. The Texas case is that of Harle et al. v. Harle, 166 S. W. Rep., 674.
We cite also 109 Am. St. Rep., 676, and 118 Am. St. Rep., 684. In both of these latter citations extensive notes may be found in which the editor *40 reaches the same conclusion as was arrived at in the cases cited.
The interesting question is very clearly and convincingly discussed in 1 Ruling Case Law, 614, and the conclusion there reached is expressed in the following language:
“If an adopted child dies during the life of its adopting parent, leaving children, such children are for most, if not all, purposes regarded as natural grandchildren of the adopting parent, and are entitled to represent their parent and to receive from the estate of his adopting parent what he would have been entitled to receive had he lived until after such parent’s death.”
To the same effect 'is the conclusion of the learned editors as found in 1 Corpus Juris, 1401, and notes.
It is provided in Sections 8573 and 8574, General Code, which cover the descent of real estate, however the title may have been derived, that it shall go first to the children of the intestate or their legal representatives, and Sections 8029 and 8030, General Code, make the adopted child the child and legal heir of the adopting parent; it is perfectly clear then that under these sections of the statutes of our state the child of the adopted daughter, Mattie, is entitled to take the same estate by representation that her mother would have received had she been living at the time of the death of her adopting parents.
It was held in Smith et al. v. Hunter, Trustee, 86 Ohio St., 106, that the devise of a remainder to the “heirs -at law” of a beneficiary for life, would include an adopted child of the beneficiary.
*41 Counsel for plaintiff relies on Lathrop et al. v. Young et al., 25 Ohio St., 451; Upson, Admr., v. Noble et al., 35 Ohio St., 655, and Phillips, Exr., v. McConica, Gdn., 59 Ohio St., 1. We find nothing in these cases in conflict with the conclusion herein reached.
The first case did not in any sense involve the descent of property to or from an adopted child, nor the children of an adopted child.
The second case involved the descent of property of an adopted child, and it was held that, if such child die intestate, the property of the child would pass to the natural mother to the exclusion of the adopting parents and their children born in lawful wedlock.
The last case decides only that where a legatee dies before the testator the legacy lapses unless the legatee was a child or other relative of the testator and left issue surviving, and that an adopted child is not such .issue. The case further holds that an adopted child can not inherit through the adopting parent, from the ancestors of such adopting parent. The conclusion reached by the court necessarily follows from the fact, as stated in the opinion on page 9, that the statute does, not make the adopted child the heir of the ancestors of its adopter, and the right of the adopted child to inherit can not be extended beyond where the statute • has fixed it. The vital distinction between that cáse and the one at bar is that the statutes do make the adopted child a child and heir of the adopting parent, and do provide that property shall descend not only to children but to their legal representatives. We are entirely in accord with the following statement from *42 the opinion of the learned trial judge in the instant case:
“It cannot be denied that if the adopting parents had, at the time of the adoption, natural children who survived them, or had children born to them after the adoption who survived them, that the adopted child would be co-heir with such natural children, with like and equal power of inheritance from her adopting parents, for the reason that the jus representationes attaches as fully, under our statute of adoption, to the adopted child as to the natural children.”
By force of the statutes above cited the child of Mattie became the grandchild of the adopting parents, and as such was entitled to take by representation the estate which her mother would have taken if she had been living at the time of the death of the adopting parents.

Judgment affirmed.

Chittenden and Kinkade, JJ., concur.